## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO PAVONE, on behalf of himself and all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action |
| v. | ) ) | Case No. 1:15-cv-01539 |
| MEYERKORD & MEYERKORD, LLC, a Missouri Limited Liability Company, | ) ) ) | JURY TRIAL DEMANDED |
| *Defendant*. | ) ) | |

## <u>SECOND AMENDED COMPLAINT FOR RELIEF – CLASS ACTION</u>

NOW COMES the Plaintiff, ANTONIO PAVONE ("Mr. Pavone"), by and through his attorneys, Zamparo Law Group, P.C. and Francis & Mailman, P.C., and complaining of the Defendant, MEYERKORD & MEYERKORD, LLC, a Missouri Limited Liability Company ("Meyerkord"), alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.      This class action is brought pursuant to the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq*. (the "DPPA") for redress of injuries suffered by Plaintiff and others similarly situated when Defendant improperly obtained, used, and disclosed his personal information contained in a motor vehicle record without the Plaintiff's express consent and without any other permissible purpose as part of Defendant's systemic procedures employed in its advertising campaigns.

2.      The DPPA is designed to prevent the disclosure of personal information held in state motor vehicle records.  It was passed in 1994 in part due to the murder of a young woman whose killer obtained her unlisted address from state motor vehicle records.  Other concerns,

such as those for the safety of domestic violence victims and peace officers, the prevention of identity theft, and the invasion of privacy also inform the DPPA's purpose. *See, e.g., Senne v. Village of Palatine, Ill.*, 695 F.3d 597, 607-08 (7th Cir. 2012) (outlining the DPPA's purpose and legislative history).

3.      Defendant systemically violates the DPPA by improperly obtaining and using personal information from confidential motor vehicle records for advertising purposes.

## JURISDICTION AND VENUE

4.      This action arises under, and is brought pursuant to the DPPA.  Subject matter jurisdiction is conferred upon this Court by 18 U.S.C. § 2724(a) and 28 U.S.C. §§ 1331, 1337, as the actions arise under the laws of the United States.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the Defendant does business in the District and Defendant's actions were directed to the Plaintiff within the District.

## THE PARTIES

6.      Mr. Pavone is a natural person who resides in the District.

7.      Defendant Meyerkord is a Missouri Limited Liability Company with its principal place of business located at 1717 Park Avenue, St. Louis, Missouri 63104.  Its registered agent is Stephen Meyerkord whose address is 13004 Sunny Dawn Court, St. Louis, Missouri 63127. Meyerkord is a law firm.  Its principal attorneys, Geoffrey Meyerkord and Stephen Meyerkord, are licensed to practice law in the State of Illinois.

## FACTS SUPPORTING ALL CLAIMS FOR RELIEF

8.      At approximately 3:52 p.m. on January 15, 2015, Mr. Pavone was involved in an automobile collision.

2

9.      After the collision, the Schaumburg Police Department was alerted and an officer responded to the scene of the collision.

10.     At the responding officer's request, Mr. Pavone presented his driver's license to the officer who transferred certain information, including Mr. Pavone's name, driver identification number, home address, telephone number, date of birth, and gender, from Mr. Pavone's driver's license into an Illinois Traffic Crash Report (the "Report").

11.     Upon information and belief, in accordance with standard policing procedure, the responding officer corroborated the information printed on Mr. Pavone's driver's license with the Illinois Secretary of State records for Mr. Pavone, which records were available to the officer via computer system in his vehicle.

12.     The Report also contained personal information about Mr. Pavone's wife and his infant son, including their names, home address, telephone numbers, dates of birth, and genders.

13.     Within a day of Mr. Pavone's automobile collision, Meyerkord obtained an unredacted copy of the Report from a third-party private entity that acts as a repository of such records, which copy contained, among other information, Mr. Pavone's name, driver identification number, home address, telephone number, date of birth, and gender.

14.     Meyerkord obtains Illinois Traffic Crash Reports on a daily basis in order to mail advertisements to the individuals involved in the car accidents described therein for the purpose of soliciting those individuals as new potential clients.

15.     Meyerkord obtains Illinois Traffic Crash Reports in bulk for a fee, without knowing the names and addresses of the persons who are the subjects of such reports in advance of ordering them and without obtaining the prior express consent of those persons.

16.     Upon information and belief, the number of persons whose Illinois Traffic Crash Reports have been obtained by Meyerkord for the purposes of advertising and solicitation is in the hundreds if not thousands.

17.     Advertising for legal services for the solicitations of new potential clients is not a permissible purpose for obtaining motor vehicle records under the DPPA.  *Maracich v. Spears*, 133 S. Ct. 2191 (2013).

18.     Upon information and belief, Meyerkord provides an improper and untrue certification to its supplier of motor vehicle records, attesting that it will use such records only for DPPA permissible purposes.

19.     Nevertheless, Meyerkord uses motor vehicle records such as the ones at issue in this case for advertisement purposes and for soliciting new potential clients.

20.     Specifically, on January 16, 2015—within 24 hours of the collision—Meyerkord sent solicitation parcels to Mr. Pavone, to his wife, and to Mr. Pavone's infant son, at Mr. Pavone's home address.

21.     Each of the three parcels included, among other things, an unredacted copy of the Report and correspondence clearly marked "ADVERTISING MATERIAL."

22.     A redacted copy of that correspondence and Report sent from Meyerkord to the Pavones is attached hereto and made a part hereof as Exhibit A.

23.     Upon receipt of the parcels from Meyerkord, Mr. Pavone was shocked and dismayed, very concerned that his personal information and that of his immediate family had been obtained by someone they did not know and used to solicit them for legal representation.

24.     Mr. Pavone was particularly distressed by the fact that information about his infant son had been obtained by Meyerkord without his express consent.

25.     As a result of Meyerkord's willfully and knowingly obtaining, using, and disclosing his personal information, in violation of clearly established law, Mr. Pavone suffered, without limitation, the following damages: emotional distress, anxiety, loss of privacy, and fear for the safety of his wife and his infant son.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff Antonio Pavone brings this action on behalf of a class defined as follows:

(a)     all natural persons residing within the State of Illinois to whom, within four years prior to the filing of this action and extending through the resolution of this action, Defendant sent correspondence marked "ADVERTISING MATERIAL" substantially similar in form to the correspondence it sent to the Pavones as described above.

(b)     all natural persons residing within Cook County, Illinois to whom, within four years prior to the filing of this action and extending through the resolution of this action, Defendant sent correspondence marked "ADVERTISING MATERIAL" substantially similar in form to the correspondence it sent to the Pavones as described above.

(c)     all natural persons who were the subjects of an Illinois Traffic Crash Report issued by the Schaumburg Police Department, to whom, within four years prior to the filing of this action and extending through the resolution of this action, Defendant sent correspondence marked "ADVERTISING MATERIAL" substantially similar in form to the correspondence it sent to the Pavones as described above.

5

27.     **Numerosity.  FED. R. CIV. P. 23(a)(1).**  The Class members are so numerous that joinder of all is impractical.  Upon information and belief, Meyerkord improperly obtains motor vehicle records on hundreds if not thousands of drivers, and those persons' names and addresses are identifiable through documents maintained by Meyerkord.

28.     **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Classes, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

    (a)     Whether Meyerkord violated section 2722(a) of the DPPA by obtaining or disclosing personal information from a motor vehicle record without a permissible purpose under section 2721(b) of the DPPA;

    (b)     Whether Meyerkord violated section 2722(b) of the DPPA by making any false representation for obtaining personal information from a motor vehicle record in violation of the DPPA;

29.     **Typicality.  FED. R. CIV. P. 23(a)(3).**  Plaintiff's claim is typical of the claims of each Class member.  Plaintiff has the same claims for liquidated and punitive damages that he seeks for absent class members.

30.     **Adequacy.  FED. R. CIV. P. 23(a)(4).**  Plaintiff Antonio Pavone is an adequate representative of the Classes.  His interests are aligned with, and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in class action litigation, and he intends to prosecute this action vigorously. Plaintiff Antonio Pavone and his Counsel will fairly and adequately protect the interests of members of the Classes.

31.     **Predominance and Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The liquidated and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Meyerkord's conduct.  It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them.  Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Meyerkord's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

### FIRST CLAIM FOR RELIEF
**For Violations of the Driver's Privacy Protection Act**

32.     The DPPA prohibits any person from obtaining or disclosing personal information from a motor vehicle record without a permissible purpose, and from falsely representing the purpose for which one is obtaining such records. 18 U.S.C. § 2722(a) and (b).

33.     Meyerkord violated § 2722(a) and (b) of the DPPA when it knowingly obtained Mr. Pavone's personal information from a motor vehicle record for an impermissible purpose and/or when it falsely represented the true purpose for which it was obtaining such information, namely to send advertising material to Mr. Pavone in an attempt to solicit a new potential client.

34.     Meyerkord's acts were willful and in reckless disregard of the protections afforded Mr. Pavone by the DPPA as demonstrated by, without limitation, the fact that Meyerkord sent three solicitation parcels, one to each member of Mr. Pavone's family, one of whom was a minor child, after obtaining Mr. Pavone's personal information, as part of Meyerkord's systemic advertising campaign and in violation of clearly established law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment on his behalf and against the Defendant as follows:

A.     An order certifying the proposed Classes under Rule 23 and appointing Plaintiff Antonio Pavone and the undersigned counsel of record to represent same;

B.     An order enjoining Defendant from the unlawful procurement and use of personal information from motor vehicle records;

C.     An award of liquidated damages of $2,500 for Plaintiff and each of the Class members;

D.     An award of punitive damages for Plaintiff and the Class members;

E.     An award of pre-judgment and post-judgment interest as provided by law;

F.     An award of attorneys' fees and costs; and,

G.     Such other relief as the Court deems just and proper.

DATED:     August 24, 2015                Respectfully submitted,

By:     */s/Jordan M. Sartell*

ZAMPARO LAW GROUP, P.C.
Roger Zamparo, Jr.
Jordan M. Sartell
2300 Barrington Road, Suite 140
Hoffman Estates, IL 60169
(224) 875-3202 (t)
(312) 276-4950 (f)
roger@zamparolaw.com
jordan@zamparolaw.com

8

James A. Francis*
John Soumilas*
FRANCIS & MAILMAN, P.C.
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600(t)
(215) 940-8000(f)

*Attorneys for Plaintiffs and Classes*

*Admitted *Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this day, the foregoing was filed electronically through the CM/ECF system with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, and was served upon all counsel of record.

Dated: August 24, 2015

*/s/Jordan M. Sartell*
Jordan M. Sartell