1

```
 1                    IN THE UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF ILLINOIS
 2                              EASTERN DIVISION


 3

    ANTONIO PAVONE, on behalf of himself ) Docket No. 15 C 1539
 4  and all others similarly situated,   )
                                         )
 5                              Plaintiff,)
                                         )
 6            vs.                        )
                                         )
 7  MEYERKORD & MEYERKORD, LLC, a        )
    Missouri Limited Liability Company,  ) Chicago, Illinois
 8                                       ) October 22, 2015
                               Defendant.) 8:37 o'clock a.m.
 9

10          TRANSCRIPT OF PROCEEDINGS - STATUS & MOTIONS
               BEFORE THE HONORABLE AMY J. ST. EVE
11

12  APPEARANCES:

13
    For the Plaintiff:          ZAMPARO LAW GROUP, PC
14                              BY:  MR. ROGER ZAMPARO, JR.
                                2300 Barrington Road, Suite 140
15                              Hoffman Estates, Illinois  60169

16
    For the Defendant:          BARNOW AND ASSOCIATES, PC
17                              BY:  MR. BEN BARNOW
                                One North LaSalle Street
18                              Suite 4600
                                Chicago, Illinois  60602
19

20  Court Reporter:             MR. JOSEPH RICKHOFF
                                Official Court Reporter
21                              219 S. Dearborn St., Suite 1232
                                Chicago, Illinois  60604
22                              (312) 435-5562

23
                 * * * * * * * * * * * * * * * * *
24
                     PROCEEDINGS RECORDED BY
25                    MECHANICAL STENOGRAPHY
                  TRANSCRIPT PRODUCED BY COMPUTER
```

1       THE CLERK: 15 C 1539, Pavone vs. Meyerkord &
2  Meyerkord.
3       MR. ZAMPARO: Good morning, your Honor, Roger Zamparo
4  on behalf of plaintiff.
5       THE COURT: Good morning.
6       MR. BARNOW: Ben Barnow on behalf of the defendant,
7  your Honor.
8       THE COURT: Good morning.
9       You are here for status, and I have two motions to
10 take up today: Plaintiff's motion for class certification,
11 and defendant's motion to dismiss is still pending.
12      The motion for class certification seems premature to
13 me because you have not conducted any discovery. You do not
14 have a supporting memo for it because you have not conducted
15 any discovery. So, why are you bringing that at this point?
16      Under the Chapman case, the recent Seventh Circuit
17 case, you do not have to bring these placeholder motions for
18 class certification any longer. Why have you brought it now?
19      MR. ZAMPARO: Well, we don't think, your Honor,
20 Damasco is still viable. There is still some split in the
21 circuits regarding that. So, we just --
22      THE COURT: Have you read Chapman --
23      MR. ZAMPARO: Yes, your Honor.
24      THE COURT: -- and All American Painting --
25      MR. ZAMPARO: We just did it as a prophylactic matter

1 strictly, and we would just ask that we be granted leave to
2 file it and defer any briefing on that until after discovery
3 is closed.
4     THE COURT:  I am going to deny it without prejudice
5 as premature.  Under Chapman, I think the law is clear that
6 you do not have to bring this.
7     And defendants are on notice that this is a purported
8 class action.  So, you cannot try to get around that.  You are
9 on notice this is a purported class action.
10     MR. BARNOW:  Your Honor, we have no intention of
11 trying to get around that, because there's nothing to get
12 around.
13     THE COURT:  There is nothing to get around with
14 Chapman.  Chapman answers that question head on and changes --
15     MR. BARNOW:  Yes, your Honor.
16     THE COURT:  -- the prior law.
17     As for the defendant's motion to dismiss the second
18 amended complaint, I am denying that.  The majority of what
19 you have raised in your motion to dismiss are issues that the
20 Court thoroughly addressed on your first motion and denied and
21 you just re-raised them.  So, I am incorporating my August 4th
22 opinion, which addressed them in detail.
23     As to the issue that I granted in that opinion and
24 gave the plaintiffs leave to replead, they have cured that
25 with their allegations; in particular, in Paragraphs 10 and 11

1   of their second amended complaint.  Whether or not that turns
2   out to be the facts based on discovery, we will have to wait
3   and see.  But you have, under 12(b)(6) and Twombly, satisfied
4   your requirements.
5           Your motion to dismiss the second amended complaint
6   is denied, and you should answer the second amended complaint
7   by November 6th.
8           MR. BARNOW:  Your Honor, if I might, could we have
9   one additional week on that?
10          THE COURT:  Sure.
11          MR. BARNOW:  Thank you.
12          THE COURT:  So, answer the second amended complaint
13  --
14          One additional week, Katie.
15          THE CLERK:  November 13th.
16          THE COURT:  Have you engaged in any discovery yet?
17          MR. BARNOW:  No.
18          MR. ZAMPARO:  No, your Honor.
19          THE COURT:  Okay.
20          26(a)(1) disclosures are due November 6th.  Written
21  discovery should be issued by November 13th.
22          How much time do you think fact discovery in the case
23  will take?
24          MR. ZAMPARO:  Two, three months at the most, Judge.
25          MR. BARNOW:  Three months.

1           THE COURT:  Two months?
2           MR. BARNOW:  Three.
3           THE COURT:  Three months.  Okay.
4           So, 90 days then, Katie, for fact discovery.
5           THE CLERK:  February 5th.
6           THE COURT:  What about settlement?  Is there any
7    interest in going to see Magistrate Judge Cole to see if you
8    could settle this case?
9           MR. BARNOW:  Without letting too much out, I don't
10   see it as a class action; but, time will tell about that.  I
11   don't know -- I don't want to give away our position.
12          Every case has a nuisance value at that.  And I'm not
13   trying to minimize his position or his legal work.  I'm not
14   sure they have any interest in it.  I think they know where my
15   attitude or my client's attitude is on it.  If they want to
16   get back to those conversations, fine.  But they fell apart
17   through no doing of mine.  It's my view.  He may have another.
18          THE COURT:  I am going to direct you to have another
19   one before you come back here.  Come back here for another
20   status on December 15th at 8:30.
21          Had I already given you a date?  I think I did.
22          MR. ZAMPARO:  I don't think we --
23          THE COURT:  December 16th.  I already gave you that
24   date.  So, I will keep December 16th.
25          Have those settlement discussions before you come

1  back.  You can let me know on the 16th if there is any
2  interest in going to see Judge Cole, and we can also talk
3  about class certification deadlines at that point.
4              MR. ZAMPARO:  Thank you, your Honor.
5              THE COURT:  Anything else this morning?
6              MR. BARNOW:  That's it.  Thank you, Judge.
7              THE COURT:  Thank you.
8              MR. ZAMPARO:  Thank you, Judge.
9                      *    *    *    *    *
10
11 I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
12
13
   /s/ Joseph Rickhoff                        October 22, 2015
14 Official Court Reporter