## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO PAVONE, on behalf of himself, and all others similarly situated, | ) ) ) | |
| | ) | Case No. 1:15-cv-01539 |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Honorable Amy J. St. Eve Assigned District Judge |
| MEYERKORD & MEYERKORD, LLC, a Missouri Limited Liability Company, LEXISNEXIS RISK SOLUTIONS, INC., a Corporation; and IYETEK, LLC, a Limited Liability Company, | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| *Defendants.* | ) ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR A PROTECTIVE ORDER BARRING PLAINTIFF ANTONIO PAVONE FROM ENGAGING IN THIRD-PARTY DISCOVERY AND CROSS MOTION FOR SANCTIONS

Counsel for Plaintiff Antonio Pavone, hereby responds in opposition to Defendants' motion and moves this Court for an order sanctioning Defendants, as follows:

### INTRODUCTION

Defendants seek to prevent Plaintiff from taking relevant third-party discovery, despite their failure to apprise the Court of any disputes regarding the subpoena issued to the Village of Schaumburg Police Department ("Schaumburg") long before the original August 2, 2016 close of discovery. The Parties' July 27, 2016 (Doc. No. 82) stipulation to extend the discovery cutoff expressly contemplated testimony from third-party witnesses "already . . . subpoenaed." Rather than raise any formal objections to the subpoena, Defendants instead engaged in a pattern of unwarranted self-help interference with Schaumburg designed to undermine Plaintiff's attempts

to schedule a mutually convenient time to obtain the subpoenaed testimony. Defendants should not be rewarded with a protective order, but should be punished with sanctions.

Defendants' motion lacks merit, claims no prejudice to Defendants, and is intended only to undermine Plaintiff's ability to obtain relevant information in furtherance of his case. And Defendants do all of this despite having expressly agreed to third-party deposition testimony with respect to the narrow range of subject matters identified in the Parties' stipulation of July 28, 2016, topics that the subpoena tracks carefully. Defendants' motion should be denied and the Court should enter an order awarding Plaintiff his attorney's fees associated with responding to the Motion and an enlargement of time in which to complete this third party discovery.

## STATEMENT OF FACTS

On July 15, 2016—more than two weeks before the original August 2, 2016 discovery cutoff ordered by this Court—Plaintiff's counsel served a subpoena on Schaumburg. *See* Exhibit A hereto. The subpoena requested that Schaumburg produce a witness to address a narrow range of topics relevant to this matter on July 27, 2016, a date within the then-existing discovery cutoff. Additional requests for documents related to the above-topics were also included in the subpoena. A copy of the subpoena, with an appropriate notice, was served on counsel of record for all Parties.

On July 19, 2016, counsel for Schaumburg confirmed receipt of the subpoena in an email to counsel for Plaintiff and counsel for Defendants iyeTek, LLC ("iyeTek") and LexisNexis Risk Solutions, Inc. ("Lexis"). *See* Exhibit B hereto The email informed counsel that July 27, 2016 would not provide enough time to identify and prepare an officer or other individual to address the topics identified and stated, "Should you wish to proceed on a different date with a narrowed or more revised request, please contact me and I can coordinate the deposition. Also the Village

of Schaumburg would be willing to consider hosting the deposition so that easier access to additional records is available if information is raised at the deposition." *Id*.

On July 27, 2016, the Parties entered into a stipulation regarding certain outstanding discovery issues and extending the August 2, 2016 discovery cutoff with respect to a range of six subject matters. *See* Exhibit C hereto. First, the stipulation recounted outstanding issues, to wit:

> WHEREAS the Parties are attempting to schedule at mutually convenient times and locations the Plaintiff's and Plaintiff's wife's deposition as well as the deposition of Defendants' 30(b)(6) deponent and other defense and **third party witnesses who's** [*sic*] **deposition have already been noticed, subpoenaed or requested**, but have not been able to do so because of previously-scheduled vacation plans and other business commitments;

*Id*. at 1 (emphasis added). Second, the stipulation contemplated additional discovery regarding, among others, the following subject matters:

> (1) Information on iyeTek's provision of services to the Schaumburg Police Department ("Schaumburg PD") and other Illinois police departments relating to accident reports, including any policies, procedures and the acquisition and communication of information found on accident reports;

> (5) Information on Defendants storage and use of accident reports data in Defendants' databases and products;

*Id*. at 2-3. The Parties stipulation expressly provides that discovery on any of the narrowed six subject matters, including two subject matters set forth above, may be taken by "depositions, interrogatories or documents, or a combination thereof as agreed upon by the Parties and as otherwise consistent with the Federal Rules of Civil Procedure." *Id*. at 2 (immediately before enumerating 6 narrower subject matters for discovery).  On July 28, 2016, the Court entered an order with respect to the Parties' stipulation. (Doc. No. 83).  Plaintiff has attempted to take exactly this agreed-upon discovery, and although Defendant Meyerkord put a Rule 30(b)(6) witness up for deposition, Defendants Lexis and iyeTek have failed to produce the discovery covered by the stipulation and have not, to date, put up any witness for deposition; but have instead tried to interfere even with Plaintiff's ability to take third party discovery.

Further, on August 2, 2016, Defendant Meyerkord filed a motion to compel the production of "all communications between Plaintiff's counsel and the Schaumburg Police Department, including agents, attorneys, employees, and officers of the department . . . ." (Doc. No. 84). The Parties reached a stipulation concerning Meyerkord's motion and Plaintiff produced email correspondence between Plaintiff's counsel and counsel for Schaumburg, a large part of which pertained to another subpoena Plaintiff had issued to Schaumburg in a different matter.[1]

In early August, in emails copied to all counsel of record, counsel for Plaintiff resolved an issue regarding the scope of two of the subpoena topics with counsel for Schaumburg, and Schaumburg identified the officer who would be testifying in the deposition contemplated by the subpoena. Counsel for Schaumburg also produced approximately 105 pages of documents responsive to the requests in the subpoena. Counsel for Plaintiff promptly served those documents upon counsel for Defendants in a supplemental production of documents.

On September 1, 2016, as counsel for Plaintiff and Schaumburg were finalizing dates and times for depositions of two[2] Schaumburg personnel, counsel for Defendants iyeTek and Lexis wrote an email to all counsel, including Schaumburg, to wit: "My understanding is that since the proposal below exceeds what is currently permitted for discovery, leave of court is required. Will Plaintiffs be seeking leave from the Court?" Exhibit D hereto. Again on September 6, after counsel for Plaintiff attempted to confirm a date and time with counsel for Schaumburg, counsel for Defendant iyeTek and Lexis interposed an email stating, "Dear [counsel for Schaumburg]: It might be important for you to know that we are in the process of meeting and conferring with

---

[1] *Pavone, et al. v. The Law Offices of Anthony Mancini, Ltd.*, Case No. 1:15-cv-1538 (N.D. Ill).
[2] Counsel for Schaumburg indicated that two individuals would be necessary to cover all topics identified in the subpoena: the officer who created the Crash Report at issue in this matter and a computer professional who could testify as to the interoperability of Schaumburg's systems and iyeTek's systems.

noticing counsel right now, as we believe that counsel needs leave of court to take third party depositions at this juncture." Exhibit E hereto. Thereafter, on September 8, 2016, as counsel for Plaintiff and counsel for Schaumburg were finalizing the September 14, 2016 deposition of the officer who created the Crash Report, counsel for Defendant Meyerkord wrote to all counsel, including Schaumburg:

> We do not agree to this. As I have advised you and your co-counsel on multiple occasions, we believe your attempt to engage in third-party discovery at this stage to be in violation of the Court's Order setting an August 2, 2016 fact discovery deadline. Further, your subpoena on the Schaumburg Police Department expired over a month ago without being enforced, so I am uncertain as to what authority you purport to be proceeding under. If any additional subpoenas have been served on the Schaumburg Police Department or any of its employees, please forward those to me immediately. The six-day notice you provided is also grossly inadequate. We intend to move for a protective order on this subject unless you withdraw your request. Please provide times prior to 5:30 p.m. CT tomorrow when you or your co-counsel are available to meet and confer telephonically to discuss.

Exhibit F hereto. Counsel for the Parties met and conferred on September 9 by telephone and no agreement could be reached. Counsel for Plaintiff contacted counsel for Schaumburg on the afternoon of September 12, 2016 to confirm that the witness would be present on September 14 as contemplated and counsel for Schaumburg informed counsel for Plaintiff that no witness would be produced because of the Parties' disagreements as reflected in the emails.

Defendants filed the instant motion on September 13, 2016.

## ARGUMENT

### I. Plaintiff's Subpoena to Schaumburg Does Not Violate Any Discovery Order

Plaintiff is in full compliance with the Court's Order of July 28, 2016 (Doc. No. 83) implementing the Parties' July 27, 2016 stipulation (Ex. C). The stipulation expressly reserved the Parties' rights to obtain discovery from "third party witnesses who's [*sic*] deposition have already been noticed, subpoenaed or requested[.]" (Ex. C at 1) and while the stipulation may have limited the *scope* of discovery extended beyond the August 2, 2016 deadline to 6 subject

matters, it expressly preserved the Parties' rights to obtain that information by whatever *means* are consistent with the Federal Rules of Civil Procedure. *Id*. at 2. Defendants' attempt to renege on their agreement to the terms of the stipulation should be rejected.

Testimony from Schaumburg falls neatly within the ambit of the Parties' stipulation. The subpoena to Schaumburg was issued on July 15, 2016 and is therefore expressly included in the stipulation's language contemplating the completion of depositions of "third party witnesses who's [*sic*] deposition have already been noticed, subpoenaed or requested[.]" *Id*. at 1. Furthermore, the subpoena requested testimony regarding topics approved by the Parties in the stipulation. Nothing about the Schaumburg subpoena runs afoul of the Parties' stipulation or any order of this Court.

Nevertheless, the Defendants have filed this motion seeking to bar Plaintiff from enforcing the Schaumburg subpoena. Defendants, however, have offered no argument as to why Plaintiff's subpoena to Schaumburg (1) does not fall within the subject matters and scope of the stipulation or (2) why they will suffer any prejudice or hardship from Plaintiff's obtaining testimony form Schaumburg as provided by the Federal Rules of Civil Procedure and contemplated by the Parties. The instant motion is pure obstructionism.

As for the first issue, it is obvious that a subpoena for testimony and documents issued before a discovery cutoff is "consistent with" the Parties' stipulation and the Federal Rules. As for the second, the Defendants intentionally obscure the existence of the subpoena and attempt to mislead the Court into believing that September 8, 2016 correspondence between counsel for Plaintiff and counsel for Schaumburg was the first discussion of third-party discovery in this matter. Even a cursory review of the topics identified in the subpoena make it clear that they fall under the umbrella of the first and fifth subject matters identified in the stipulation. Moreover,

Schaumburg is expressly identified in the July 27, 2016 stipulation, and both Defendants were well aware prior to the stipulation that Plaintiff intended to take discovery from Schaumburg.

After moving to compel communications between Plaintiff and Schaumburg, and agreeing to obtain "Information on iyeTek's provision of services to the Schaumburg Police Department ('Schaumburg PD') and other Illinois police departments relating to accident reports, including any policies, procedures and the acquisition and communication of information found on accident reports," Defendants have filed the instant motion which makes the argument that Plaintiff should only be able to obtain information concerning "the acquisition and communication of information found on accident reports" from *Defendants* and *not* from Schaumburg, whose officer created the report in the first place. All this comes after Defendants' great interest in obtaining information Plaintiff had derived from communications with Schaumburg, exemplified by its motion to compel. Defendants' instant motion is simply obstructionism and should be denied.

## II. Defendant's Argument that Plaintiff's Position Would Enable Discovery into Perpetuity is a Substantial Overstatement

Because, as demonstrated above, testimony pursuant to the subpoena from Schaumburg is within the subject matters and scope of the Parties' stipulation, Defendants' notion that "the parties would be free to proceed in perpetuity with any fact discovery not carved out by the Stipulation" (Doc. No. 95 at 5) barely warrants mention. Plaintiff made it abundantly clear to Defendants on occasions too numerous to recount that he desires third-party discovery from one entity and one entity alone: Schaumburg, pursuant to the July 15, 2016 subpoena. Plaintiff would have completed the deposition of at least one Schaumburg officer on September 14, 2016 had Defendants, as elaborated upon below, not interfered with the scheduling of same. Defendants' specious argument should be rejected.

### III.     Defendants Should Be Sanctioned for Interfering with a Lawfully-Issued Subpoena

Defendants, rather that Plaintiff, have been engaging in conduct that this Court ought not condone. Defendants have had formal notice of Plaintiff's intent to obtain testimony from Schaumburg since July 15, 2016. Far from being caught off guard, Defendants only brought the instant motion after almost two months had elapsed and as the newly-negotiated September 30 discovery cutoff loomed. Defendants' assertion that "a reasonable inference is that [Plaintiff's] counsel intentionally withheld the issue [of testimony from Schaumburg] from discussions relating to the July 27, 2016 Stipulation" (Doc. 95 at 5) defies credulity, when the subpoena was issued almost two weeks prior to that date and the stipulation expressly refers to testimony from entities "already . . . subpoenaed." Ex. C at 1.

Moreover, as outlined above, counsel for Defendants has interposed emails into the conversations between counsel for Plaintiff and counsel for Schaumburg regarding deposition scheduling which ultimately had precisely the effect intended: to cause Schaumburg to "clam up" and refuse to produce a subpoenaed witness. Such interference usurps the role of the court in determining the validity of subpoenas, is unwarranted, disruptive, and should not be permitted by this Court.

Rule 45 authorizes an attorney for a party to issue a subpoena requiring a non-party to appear at a deposition, produce electronically stored information, or produce other documents. Fed. R. Civ. P. 45(a)(1)(B)-(D).  This is consistent with the Parties' stipulation.  In response, the subject of the subpoena may object to the appearance or the production requested (*id.* 45(d)(2)(B)), or  move to quash or modify the subpoena before having to comply (*id.* 45(d)(3)).  Further, an adversary to the party seeking information may to move to quash the subpoena to prevent disclosure of information by the person commanded to produce it, provided that the adversary has a personal right or privilege to the information sought. *Id.* 45(d)(3)(B);  *see*

9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463.1 (3d ed. 2008) (collecting cases discussing right to quash only when party has a personal right or privilege to information sought).[3] What an objecting party may not do is resort to self-help tactics to interfere with the subpoena, as Defendants did here.

Defendants' actions here are similar to those of the defendant sanctioned in *Fox Indus., Inc. v. Gurovich,* No. 03-5166, 2006 WL 2882580 (E.D.N.Y. Oct. 6, 2006). In *Gurovich,* the plaintiff served subpoenas on three nonparties. *Id.* at *1. The defendant believed that the subpoenas were a "wholesale fishing expedition." *Id.* at *2. Moreover, the defendant contended that service of the subpoenas was improper. *Id.* Instead of moving to quash the subpoenas, which the defendant stated it would do, the defendant wrote letters to nonparties requesting that the parties not produce any documents requested by the plaintiff. *Id.* Indeed, the defendant stated in its letters that, due to the alleged service flaws, "the subpoena is null and void as a matter of law and should not be complied with." *Id.* (internal quotation marks omitted). Because of the defendant's letters, none of the three non-parties complied with the plaintiff's subpoenas. *Id.*

In that case, the court sanctioned the defendant for abuse of process under its inherent power to manage its affairs. As the court stated, "it is the court's duty to rule on the validity of subpoenas and to direct the recipients to comply or not comply. . . ." *Id.* at *8. Specifically, the court there found that the defendant's actions constituted bad faith and a "deliberate effort to usurp the authority of the court." *Id.* at *10. The court sanctioned the defendant $1,000 per letter. *Id.*

---

[3] The same result is appropriate in the case at bar. In addition to the statutory authority pursuant to 28 U.S.C. § 1927, this Court also has the inherent power to control its proceedings and sanction the parties and their attorneys' conduct. The U.S. Supreme Court provided guidance on the Court's use of these inherent powers in *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991).

Likewise, in this case, rather than asserting any objections to the subpoena or making any motion to quash it, Defendants chose to interfere with the subpoena by communicating directly with the third party and urging it not to comply with the subpoena. Defendants should each be sanctioned for this improper conduct.

## CONCLUSION

Defendants' motion should be denied. Moreover, for intentionally interfering with Plaintiff's counsel's communications with Schaumburg regarding setting a date for taking deposition testimony within the scope of the Parties' stipulation, Defendants should be sanctioned. Plaintiff respectfully requests that such sanctions include an appropriate extension to the September 30, 2016 close of discovery for Plaintiff to obtain the depositions of Schaumburg personnel previously subpoenaed, and Defendants' payment of Plaintiff's reasonable attorneys' fees and costs for preparation of this motion and the any motion to compel testimony by Schaumburg that may be necessary.

DATED: September 16, 2016

Respectfully,

*/s/Roger Zamparo, Jr.*

ZAMPARO LAW GROUP, P.C.
2300 Barrington Road, Suite 140
Hoffman Estates, IL 60169
T. (224) 875-3202
F. (312) 276-4950
roger@zamparolaw.com

James A. Francis*
John Soumilas*
FRANCIS &MAILMAN, P.C.
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600(t)
(215) 940-8000(f)

Attorneys for Plaintiffs and Classes

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

Roger Zamparo, Jr., an attorney, certifies that on September 16, 2016, he electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/Roger Zamparo, Jr.*